117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph DRAPER, Plaintiff-Appellant,
v.
CRA SECURITY SYSTEMS, INC.; Stacy Allen, Defendants-Appellees.
 No. 96-17090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1997.
July 2, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-96-02038-PGR; Paul G. Rosenblatt, District Judge, Presiding. Argued and Submitted June 12, 1997 San Francisco, California
 Before: Goodwin, D.W. Nelson, and Trott, Circuit Judges.
 MEMORANDUM*
 Joseph Draper appeals the district court's sua sponte dismissal for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), of his action against CRA Security Systems, Inc. and Stacey L. Allen. Draper alleged that Defendants' actions in attempting to collect a dishonored check violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. The district court dismissed the complaint, ruling that the FDCPA did not apply to the collection of dishonored checks.
 We recently held that the FDCPA is not limited to the collection of debts arising out of credit transactions, that a dishonored check is a "debt" within the meaning of the FDCPA, and therefore that the FDCPA does apply to the collection of dishonored checks. Charles v. Lundgren & Associates, No. 96-15995 (9th Cir. June 1997). We therefore reverse the district court's dismissal and remand for further proceedings.[1]
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We grant the Plaintiff's Motion to Strike, but deny them additional briefing time